**Brenda WELLONS, Plaintiff,**

v.

**NORTHWEST AIRLINES, INC., Defendant.**

No. 96–74687.

United States District Court, E.D. Michigan, Southern Division.

Dec. 23, 1996.

942

Rita F. Young, Detroit, MI, for Plaintiff.

Donna J. Donati and George D. Mesritz, Detroit, MI, for Defendant.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS, AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

O'MEARA, District Judge.

This matter came before the court on Defendant's October 15, 1996 motion to dismiss and Plaintiff's October 21, 1996 motion to remand. Oral argument was heard December 19, 1996. For the reasons set forth below, the court will deny Plaintiff's motion to remand and grant Defendant's motion to dismiss.

## BACKGROUND FACTS

On September 9, 1996, plaintiff Brenda Wellons filed a three-count complaint against defendant Northwest Airlines Incorporated ("Northwest"), her former employer, alleging race discrimination in violation of Michigan's Elliott–Larsen Civil Rights Act, intentional infliction of emotional distress, and fraud and misrepresentation.

Defendant removed the action to this court on October 10, 1996, based on both diversity of citizenship and federal question.

## I. PLAINTIFF'S MOTION TO REMAND

Plaintiff contends that neither diversity of citizenship nor federal question jurisdiction exists in this case. In its notice of removal, Defendant alleged that it is incorporated in the state of Minnesota and has its principal place of business in Minnesota. Defendant further alleged that the amount in controversy exceeded $50,000.

Plaintiff filed a motion to remand, asserting that defendant Northwest's principal place of business is in Michigan, thereby defeating diversity of citizenship. However, Defendant has since filed an affidavit in which the company's director of labor relations stated,

Northwest's Corporate Headquarters is located in Minnesota, where Northwest's corporate officers maintain their offices; accounting records are maintained; and the Human Resources Department, and legal staff are located.

All Northwest's policies and procedures are determined at Corporate Headquarters, including personnel policies and procedures. Central personnel files of all Northwest employees are maintained at Corporate Headquarters.

\*    \*    \*    \*    \*    \*

Northwest operates airports in 44 states, including Michigan and Minnesota. Northwest employs approximately 9,300 employees in Michigan and 17,400 employees in Minnesota.

Suma aff. at 1–2.

The United States Court of Appeals for the Sixth Circuit has adopted the "total activity test" to determine the location of a corporation's principal place of business. *Gafford v. General Elec. Co.*, 997 F.2d 150, 163 (6th Cir.1993). Thus, this court must take into consideration all relevant factors and weigh them in light of the facts of the case. *Id.*

■ Plaintiff has presented only her conclusory allegation that defendant Northwest does business in Wayne County, Michigan. Defendant, however, through Gary Suma's affidavit, has provided evidence that Northwest's principal place of business in located in Minnesota, not Michigan. Accordingly, this court finds that diversity of citizenship exists. Because the court has jurisdiction pursuant to 28 U.S.C. § 1332, it need not discuss the issue of federal question jurisdiction.

### II. DEFENDANT'S MOTION TO DISMISS

■ Defendant Northwest asserts that Plaintiff's state law claims should be dismissed, as all three are preempted by the Airline Deregulation Act ("ADA"). Four days after Plaintiff filed her complaint, the Michigan Court of Appeals held that the ADA preempts Elliott–Larsen claims. *Fitzpatrick v. Simmons Airlines, Inc.*, 218 Mich. App. 689, 555 N.W.2d 479 (1996). In *Fitzpatrick*, the plaintiff alleged that he was discharged from his position as a baggage handler and maintenance employee based on his height and weight in violation of the Elliott–Larsen Act. The defendant moved for summary disposition, arguing that the claims were preempted by the ADA.

The ADA provides that no state "shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier ...." 49 U.S.C. § 1305(a)(1).

The trial court granted the defendant's motion, and the appellate court affirmed the decision. The court of appeals first observed that in *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992), the United States Supreme Court had concluded that the words "relating to" as used in the ADA "expressed a broad preemptive purpose." The court then discussed *Belgard v. United Airlines*, 857 P.2d 467 (1992), in which the Colorado Court of Appeals held that plaintiffs, who had been denied employment with United Airlines as pilots because that had undergone eye surgery, could not pursue a state law claim under Colorado's handicap discrimination law. The *Belgard* court reasoned that the civil rights law has a "connection with or reference to" the airline's "services" and was, therefore, preempted.

> ... [A]ny law or regulation that restricts an airline's selection of employees, based upon their physical characteristics, must necessarily have a connection with and reference to, and therefore must be one 'relating to,' the services rendered by the airline.

*Id.* at 471. The Michigan Court of Appeals agreed with this reasoning and concluded that Fitzpatrick's claims were preempted.

This court finds that Plaintiff's claims of intentional infliction of emotional distress and misrepresentation and fraud relate to defendant Northwest's application of its policies regarding medical leaves and reemployment of employees who resign. Thus, those tort claims are also preempted.

In her response brief and at oral argument Plaintiff sought leave to amend her complaint to add federal claims for race discrimination. The court will grant Plaintiff leave to amend her complaint on or before January 2, 1997.

### ORDER

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's motion to remand is **DENIED**.

It is further **ORDERED** that Defendant's motion to dismiss is **GRANTED**.

It is further **ORDERED** that Plaintiff is granted leave to amend the complaint on or before January 2, 1997.