FITZPATRICK v SIMMONS AIRLINES, INC

Docket No. 179123. Submitted April 9, 1996, at Grand Rapids. Decided September 13, 1996, at 9:00 A.M. Leave to appeal sought.

David Fitzpatrick brought an action in the Musekgon Circuit Court against Simmons Airlines, Inc., and Donald Curry, alleging that the termination of his employment with Simmons was because of his failure to comply with height and weight standards and thus was actionable under § 202 of the Civil Rights Act, MCL 37.2202; MSA 3.548(202). The court, R. Max Daniels, J., granted summary disposition for the defendants on the basis that the plaintiff's claim was preempted by § 1305(a)(1) of the Airline Deregulation Act (ADA), 49 USC 1305(a)(1), which provided that no state "shall enact or enforce any law . . . relating to rates, routes, or services of any air carrier." The plaintiff appealed.

The Court of Appeals *held*:

The phrase "relating to" as used in the ADA expresses a broad preemptive purpose. Accordingly, any law that restricts an airline's selection of employees on the basis of physical characteristics is one that relates to the services rendered by the airline and is preempted by § 1305(a)(1). Because the plaintiff's state claim is preempted by operation of the federal statute, the trial court properly granted summary disposition for the defendants.

Affirmed.

CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — AIRLINE DEREGULATION ACT — PREEMPTION.

An action brought pursuant to the Civil Rights Act that alleges employment discrimination by an airline on the basis of physical characteristics is preempted by the federal Airline Deregulation Act (49 USC 1305[a][1], see now 49 USC 41713[b][1]; MCL 37.2202; MSA 3.548[202]).

*Randall D. Fielstra, P.C.* (by *Randall D. Fielstra*), for the plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Richard A. Glaser* and *Lisa A. DeFerrari*), and

*Winston & Strawn* (by *Columbus R. Gangemi, Jr.*), for the defendants.

Before: GRIBBS, P.J., and HOEKSTRA and C. H. STARK,* JJ.

PER CURIAM. Plaintiff, David Fitzpatrick, appeals as of right an order of the Muskegon Circuit Court granting summary disposition in favor of defendants Simmons Airlines, Inc., and Donald E. Curry. We affirm.

In 1992, plaintiff was employed as a temporary employee to do baggage handling and general aircraft maintenance by Simmons, a division of American Airlines, in conjunction with their American Eagle terminal at the Muskegon County Airport. Curry, also an employee of Simmons, was plaintiff's supervisor. Plaintiff's employment was terminated in 1993, allegedly because of his failure to comply with height and weight standards promulgated and published by Simmons. Plaintiff then filed the instant action pursuant to Michigan's Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, alleging that defendants had unlawfully discharged him from his employment because he was overweight according to the height and weight standards utilized by Simmons.

Defendants moved for summary disposition, arguing that plaintiff's claim was preempted by § 1305(a)(1)[1] of the Airline Deregulation Act (ADA), 49 USC 1305(a)(1). Following a hearing, the trial court granted defendants' motion for summary disposition.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This subsection was reenacted in 1994 without substantive change as 49 USC 41713(b)(1). See *American Airlines, Inc v Wolens*, 513 US ___; 115 S Ct 817; 130 L Ed 2d 715, 722, n 1 (1995).

Plaintiff argues that the trial court erred in concluding that plaintiff's state law claims under the Civil Rights Act were preempted by the ADA. We disagree. The ADA provides that no state "shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier." 49 USC 1305(a)(1).[2] MCL 37.2202; MSA 3.548(202) prohibits discrimination against an employee for employment based upon, among other things, an employee's height or weight. Whether state law claims under the Civil Rights Act are preempted by the ADA is an issue of first impression in Michigan; however, similar issues have been raised before the United States Supreme Court and other state and federal courts. We have found several of those cases instructive in reaching our decision.

First, in determining whether preemption applies, we must look to see if preemption is either expressed or implied in the statute at issue. *Morales v Trans World Airlines, Inc,* 504 US 374; 112 S Ct 2031; 119 L Ed 2d 157 (1992). Here, the ADA clearly and expressly preempts a state from enacting any law relating to services of any air carrier. The question then becomes whether Michigan's Civil Rights Act is a law relating to services of an air carrier.[3] We hold that it is.

In *Morales, supra,* the United States Supreme Court concluded that the words "relating to" as used in the ADA expressed a broad preemptive purpose. *Id.*

---

[2] 49 USC 41713(b)(1) now reads: "[A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier."

[3] Neither party on appeal argues that the Civil Rights Act relates to either rates or routes.

at 383. The Supreme Court concluded that state enforcement actions having "a connection with" or "reference to" airline services were "related to" the ADA for purposes of preemption. *Id.* at 384. The Supreme Court rejected the petitioner's attempt to limit the preemptive scope of the ADA to laws specifically addressed to the airline industry, finding instead that a state law may be preempted even if the law is not specifically designed to address the area of preemption or if the effect is only indirect. *Id.* at 386.

Given the broad language used by the *Morales* Court in interpreting the phrase "relating to," this Court concludes that the provision of Michigan's Civil Rights Act protecting employees from discrimination on the basis of height or weight is "related to" the services of an air carrier such that plaintiff's state law claims are preempted. In *Belgard v United Airlines*, 857 P2d 467 (1992), the Colorado Court of Appeals concluded that the plaintiffs, employees of United Airlines who had been denied employment as pilots because they had undergone eye surgery, could not pursue their state law claims under Colorado's handicap discrimination law because the law, if applied to an airline, had a connection with or reference to the airline's services. In reaching that conclusion, the *Belgard* court concluded:

> [A]ny law or regulation that restricts an airline's selection of employees, based upon their physical characteristics, must necessarily have a connection with and reference to, and therefore must be one "relating to," the services to be rendered by the airline. [*Id.* at 471.]

We agree with the conclusion reached by the *Belgard* court, and, because the Civil Rights Act at issue here

as applied to Simmons would restrict its ability to select employees, we find the trial court's grant of summary disposition to be proper.

Affirmed.