United States Court of Appeals,

Eleventh Circuit.

No. 97-2386.

Frank J. PARISE, Plaintiff-Appellant,

v.

DELTA AIRLINES, INC., Defendant-Appellee.

May 28, 1998

Appeal from the United States District Court for the Middle District of Florida. (No. 95-1149-CIV-ORL-22), Anne C. Conway,  Judge.

Before BIRCH, Circuit Judge, and HILL and KRAVITCH, Senior Circuit Judges.

BIRCH, Circuit Judge:

Frank J. Parise appeals the district court's order dismissing his employment discrimination action based on federal preemption under the Airline Deregulation Act of 1978 (ADA), 49 U.S.C. § 41713(b)(1).  For the reasons that follow, we conclude that the district court erred in finding Parise's suit to be preempted and remand for proceedings consistent with this opinion.

## I. BACKGROUND

Parise worked as a customer service agent for Delta Air Lines, Inc. (Delta).  According to the complaint, in 1994 Parise engaged in a "heated discussion" with a supervisor about the working conditions at the airline.  R1-2 at 3. During this conversation, Parise apparently threatened several co-workers that he "would "kick their butts' if he caught them off company property after hours." *Id.* at 4.  Delta terminated Parise's employment two weeks after this incident.

Parise subsequently filed this action in state court and alleged that Delta had discriminated against him on the basis of age.  The action was filed pursuant to Fla. Stat. § 760.10(1)(a) and 42

U.S.C. § 1984.[1]  Delta removed the case to federal district court on the basis of diversity of citizenship;  the basis for removal is not at issue here.  In its answer to Parise's complaint, Delta asserted, *inter alia,* that its conduct toward Parise was justified and that the action was preempted by the ADA.[2] The district court dismissed the suit after finding that Parise's age discrimination claim related to the services that Delta provided.  Specifically, the court noted:

> [T]he Court finds persuasive Delta's argument that its decision to terminate Parise, a customer service agent who admittedly made violent threats to a supervisor and coworker, is one that is "intimately tied to Delta's most important obligation ... to provide *safe and secure* air transportation to the flying public."  Doc. 57 at 9. Clearly, an airline's decision to terminate a customer service agent on the grounds of passenger safety is "related to" the airline's "services" and falls within the preemption clause of the ADA. Because the Florida Civil Rights Act would impact on Delta's ability to provide a safe environment for its passengers, Parise's claim is "related to" Delta's "services" and is thus preempted by the ADA.

R2-59 at 5.

On appeal, Parise argues that the relationship between the event that, according to Delta, gave rise to his termination and the services provided by the airline is too tenuous to justify a finding of preemption.  Alternately, Parise requests that if we find that the ADA preempts his state law claim, we necessarily should convert this claim to a federal cause of action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

## II. DISCUSSION

---

[1]Parise does not dispute that the reference to § 1984 was in error and does not give rise to any cognizable claim.

[2]The ADA provides, in relevant part:

> [A] State ... may not enact or enforce a law, regulation or other provision having the force and effect of law related to a price, route, or service of an air carrier....

49 U.S.C. § 41713(b)(1).

We review the district court's order granting Delta's motion to dismiss for lack of subject matter jurisdiction *de novo*. *See Babicz v. School Bd. of Broward County,* 135 F.3d 1420, 1422 (11th Cir.1998) (per curiam). In doing so, we view the facts in the light most favorable to the plaintiff. *See Welch v. Laney,* 57 F.3d 1004, 1008 (11th Cir.1995).

Whether a federal statute preempts state law is a question of congressional intent. *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 252, 114 S.Ct. 2239, 2243, 129 L.Ed.2d 203 (1994). The Supreme Court has noted that Congress enacted the ADA "[t]o ensure that the States would not undo federal deregulation with regulation of their own ...". *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 378, 112 S.Ct. 2031, 2034, 119 L.Ed.2d 157 (1992). Consistent with this assessment, the Court has found preemption where the challenged state statute had a prohibitive effect on an expressed concern set forth in the ADA. *See, e.g., Morales,* 504 U.S. at 390, 112 S.Ct. at 2040 (fare advertising provisions under state law "would have a significant impact upon the airlines' ability to market their product, and hence a significant impact upon the fares they charge."). Conversely, the Court has rejected preemption where no such effect was found to exist. *See, e.g., American Airlines, Inc. v. Wolens,* 513 U.S. 219, 228, 115 S.Ct. 817, 824, 130 L.Ed.2d 715 (1995) (where plaintiffs in class action suit alleged airlines violated state consumer protection laws, Court declined to "read the ADA's preemption clause ... to shelter airlines from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings.").

Several presumptions necessarily guide our analysis of the preemptive scope of a federal statute: First, preemption is appropriate only if it is the clear and manifest purpose of Congress. *Hawaiian Airlines,* 512 U.S. at 252, 114 S.Ct. at 2243 (quoting *Hillsborough County v. Automated*

3

*Med. Lab., Inc.,* 471 U.S. 707, 715, 105 S.Ct. 2371, 2376, 85 L.Ed.2d 714 (1985)). Second, the courts should not lightly infer preemption of actions within the traditional police powers of a state. *Id.* For a law to be expressly preempted by the ADA, a state must "enact or enforce a law that relates to airline rates, routes, or services, either by expressly referring to them or by having a significant economic effect upon them." *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1431 (7th Cir.1996).

As noted, the district court in this instance explicitly premised its finding of preemption on the relationship between Parise's alleged violent outburst toward co-workers and the "service" of safety that Delta is bound to provide. Although we are cognizant of Delta's compelling assertion that the threatening behavior in which Parise allegedly engaged "relates to" the valid safety concerns of an airline, we conclude that the district court erred in finding Parise's state age discrimination action to be preempted by the ADA. Significantly, the issue of Parise's allegedly inappropriate-and potentially violent-conduct arises here *in response to and as a defense to* the claim presented in the complaint. Although the complaint mentions the alleged threat as part of the factual narrative leading up to Parise's eventual termination, the complaint sets forth a cause of action for age discrimination under Florida law. The statute pursuant to which Parise filed his complaint provides that

> (1) It is an unlawful employment practice for an employer:
>
> (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

Fla. Stat. § 760.10(1)(a). The only relevant question with respect to preemption in light of Parise's claim, then, is whether a cause of action brought pursuant to Florida's law prohibiting age

4

discrimination "relates to" rates, routes, or services of an air carrier. Notably, Delta does not posit under the facts of this case the existence of a relationship between an airline's decision to terminate an employee on the basis of age and a concern for airline safety; rather, it is Delta's answer to the complaint that appears to provide the asserted ground for preemption. In resolving the jurisdictional question potentially raised by a statute such as the ADA, however, it is the cause of action and the underlying state law on which it is founded that concerns us.[3]

Similarly, the sole basis for the court's finding of preemption rests on Delta's proffered justification for terminating Parise. This justification, offered pursuant to the familiar burden-shifting framework established in all employment discrimination cases of this nature, is highly relevant to whether Parise can survive a motion for summary judgment on the underlying merits of his case. We believe that it is inappropriate, however, for the court to credit the defendant's proffered non-discriminatory justification for its decision to terminate an employee and use that allegation as a basis to find preemption, thereby potentially depriving the plaintiff of any remedy under either federal or state law.[4]

---

[3]By way of illustration, if Parise had claimed that Delta discriminated against him on the basis of a mental illness that sometimes caused him to exhibit violent tendencies and had relied on a state civil rights statute protecting emotionally disabled individuals from termination due to their disability, Delta's argument in favor of preemption analytically would carry greater weight; in other words, the basis of the cause of action-without reference to the answer or any affirmative defense-conceivably would conflict with the underlying purposes of the ADA and therefore give rise to a finding of preemption.

[4]Of course, we express no opinion as to the underlying merits of this case. On remand, the district court may—or may not—find that Parise cannot show that the "safety concern" articulated by Delta was a pretext for age discrimination. At this stage, our sole concern is whether the district court properly may use Delta's explanation for its employment decision as a basis for a finding of preemption.

It is worth noting that the decisions relied on by both Delta and the district court in support of preemption serve only to confirm our view that preemption was not the appropriate vehicle by which to resolve Parise's claims at this stage of the proceedings. In *Belgard v. United Airlines,* 857 P.2d 467 (Colo.App.1992), plaintiffs filed suit pursuant to a state law prohibiting discrimination on the basis of disability and claimed that the airline had discriminated against them because they had undergone eye surgery. In finding the state statute to be preempted, the Colorado court determined that the physical capabilities of flight personnel did "relate to" the services rendered by an airline. *See id.* at 470-71. Similarly, in *Fitzpatrick v. Simmons Airlines, Inc.,* 218 Mich.App. 689, 555 N.W.2d 479 (1996) (per curiam), *app. denied,* 570 N.W.2d 785 (Mich.1997), the plaintiff sued under a state civil rights statute on the ground that the employer-airline had discriminated against him because he failed to meet the height and weight requirement. Adopting the reasoning advanced in *Belgard,* the Michigan court found that height and weight standards for employees did "relate to" the services of an air carrier and, thus, the claims were preempted. *Id.* at 481. Both of these state cases are markedly distinct from the cause of action at issue here; in both *Belgard* and *Fitzpatrick,* the tension identified by the courts between the plaintiff's cause of action and the federal interest derives from the state law on which the claim is based, not from a subsidiary (though perhaps important) fact presented by the defendants. As previously mentioned, the rationale for preemption that is articulated by Delta has no connection to Florida's statute prohibiting discrimination on the basis of age; rather, the preemption argument is founded exclusively on Delta's proffered reason for having terminated Parise.

The district court also relied on both *Aloha Islandair Inc. v. Tseu,* No. 94-00937, (D. Hawai'i July 13, 1995) (*Aloha I* ) and *Abdu-Brisson v. Delta Air Lines, Inc.* 927 F.Supp. 109 (S.D.N.Y.1996)

6

(*Abdu-Brisson I* ) as factually similar cases that compel a finding of preemption. In *Aloha I,* the defendant-airline had a policy of not hiring pilots with monocular vision. The plaintiff, an FAA-certified pilot with monocular vision, filed a grievance with the state civil rights commission claiming that the employer-airline had discriminated against him based on his perceived disability. The district court, also relying on *Belgard,* found that the state anti-discrimination statute was preempted by the ADA. *See id.* at *1. Significantly, however, the Ninth Circuit reversed the district court's determination in *Aloha I. See Aloha Islandair, Inc. v. Tseu,* 128 F.3d 1301 (9th Cir.1997) (*Aloha II* ). In concluding that the pilot's discrimination claim was not preempted by the ADA, the court of appeals explicitly rejected the holding of *Belgard* and observed:

> [W]e see no congressional purpose that would be served by denying to FAA-certified pilots, in the name of preemption, the protection of Hawaii's law from employment discrimination based on physical disability.

*Aloha II,* 128 F.3d at 1303.

Finally, *Abdu-Brisson I* involved a series of age discrimination claims against Delta that the district court found to be preempted because they "related to" pricing and pilot staffing. 927 F.Supp. at 112. As in *Aloha I,* however, the Second Circuit has since reversed the district court's finding of preemption. *See Abdu-Brisson v. Delta Air Lines, Inc.,* 128 F.3d 77 (2nd Cir.1997) (*Abdu-Brisson II* ). In concluding that the plaintiffs' claims did not affect Delta's services, the court of appeals expressly observed:

> Delta is unable to establish that enforcing the city and state human rights laws in this case would frustrate the purpose of the ADA.... Although the policies behind the ADA are several, the primary motivation for the reform-as the name of the statute indicates-was to deregulate the industry.... Permitting full operation of New York's age discrimination law will not affect competition between airlines-the primary concern underlying the ADA.

*Abdu-Brisson II,* 128 F.3d at 84 (citations omitted).  In sum, we find that the decisional law cited by the district court in support of preemption is either inapposite or recently has been overruled.  As a result, these referenced decisions cannot guide our resolution of the jurisdictional question before us.

## III. CONCLUSION

In this age discrimination action against Delta Air Lines filed pursuant to state law, the district court found that the claims were preempted by the ADA. We conclude that the district court improperly based its finding of preemption on Delta's proffered justification for its employment decision rather than on the state law claim set forth in the complaint.  Accordingly, we REVERSE the court's finding of preemption and REMAND for further proceedings consistent with this opinion.