991 P.2d 590 (1999)
1999 Utah Ct. App. 308
Max HOBBS, Petitioner,
v.
LABOR COMMISSION; Labor Commission Appeals Board; and Delta Airlines, Inc., Respondents.
No. 981742-CA.
Court of Appeals of Utah.
October 28, 1999.
*591 Steven W. Dougherty and Shayne R. Kohler, Anderson & Karrenberg, Salt Lake City, for Petitioner.
Alan Hennebold, Salt Lake City, for Respondent Labor Commission.
Frederick R. Thaler and Janet Hugie Smith, Ray, Quinney & Nebeker, Salt Lake City, and Benjamin A. Stone, Atlanta, Georgia, for Respondent Delta Airlines.
Before GREENWOOD, Associate P.J., BILLINGS, and JACKSON, JJ.

OPINION
BILLINGS, Judge:
¶ 1 Petitioner Max Hobbs appeals from an order of the Utah Labor Commission's Appeals Board (Appeals Board) affirming the Administrative Law Judge's (ALJ) granting of Delta Air Lines's (Delta) motion to dismiss Hobbs's handicap discrimination claim, determining *592 it was preempted by federal law. We reverse and remand.

BACKGROUND
¶ 2 Hobbs worked as a baggage handler for Delta. His duties included operating "tugs," small tractors that pull baggage carts. On May 2, 1995, Hobbs was operating a tug when he hit a "flap guide" with the tug as he pulled away from an aircraft, causing damage to the flap guide. On June 5, 1995, again while operating a tug, Hobbs hit an aircraft antenna, breaking the antenna. After the second accident, Delta suspended Hobbs pending termination.
¶ 3 Hobbs had been diagnosed with bipolar disorder in 1989. At the time of the accidents, he was not on medication. Hobbs alleged his unmedicated disorder may have contributed to the accidents. After he was notified of his suspension, Hobbs told Delta of his disorder and requested accommodation, such as being relieved of the duty to operate tugs until he could stabilize his condition with medication. He had been accommodated in a like manner shortly after his disorder was diagnosed.
¶ 4 Delta refused Hobbs's request for accommodation and terminated him on June 29, 1995. Delta asserts that it fired Hobbs because of safety violations. Hobbs asserts that he was discriminated against based on his disability in violation of the Utah Antidiscrimination Act (UADA). See Utah Code Ann. §§ 34A-5-101 to -108 (1997 & Supp. 1999). Hobbs filed a charge of discrimination with the Utah Labor Commission (Commission). The Utah Anti-Discrimination Division of the Commission (UADD) found that Hobbs had established a prima facie case of discrimination and ordered reinstatement.
¶ 5 Delta requested a review of the UADD order before an ALJ. Delta then submitted a motion to dismiss, arguing Hobbs's claim was preempted under the Airline Deregulation Act (ADA). See 49 U.S.C. § 41713(b)(1) (1998) (preempting state law "related to" prices, routes, or services of air carriers). After a hearing, the ALJ concluded that Hobbs's claim was preempted and granted Delta's motion to dismiss. The ALJ determined that 1) Hobbs had committed safety violations, 2) safety was related to services under the ADA, and 3) Hobbs's claim was therefore preempted under the ADA. The Appeals Board affirmed the dismissal.

STANDARD OF REVIEW
¶ 6 A grant of a motion to dismiss is proper "`only where it appears that the plaintiff ... would not be entitled to relief under the facts alleged or under any state of facts [he] could prove to support [his] claim.'" Robertson v. Gem Ins. Co., 828 P.2d 496, 499 (Utah Ct.App.1992) (quoting Prows v. State, 822 P.2d 764, 766 (Utah 1991)). "On appeal, we accept the facts as alleged in the complaint as true, and consider those facts and all reasonable inferences therefrom, in a light most favorable to plaintiffs." Id. The propriety of a dismissal presents a question of law, thus appellate courts give no deference to agency determinations and "review the issues under a correctness standard." Harmon City, Inc. v. Nielsen & Senior, 907 P.2d 1162, 1167 (Utah 1995).
¶ 7 Preemption is a matter of statutory interpretation and is thus a matter of law reviewed for correctness. See id. However, preemption under the ADA is a fact-specific inquiry. See Smith v. Comair, Inc., 134 F.3d 254, 259 (4th Cir.1998) ("To determine whether a claim has a connection with, or reference to an airline's prices, routes, or services, we must look at the facts underlying the specific claim."); Abdu-Brisson v. Delta Air Lines, Inc., 128 F.3d 77, 85-86 (2d Cir.1997) ("[W]e can offer no bright line relief. Our only recourse is to apply the ADA preemption provision as we understand its meaning on a case-by-case basis."). The defendant "bear[s] the burden of overcoming the initial presumption against preemption." Abdu-Brisson, 128 F.3d at 83 (citations omitted).

ANALYSIS
¶ 8 Hobbs asserts the ALJ used inappropriate facts and inferences in reaching her conclusion that Hobbs's termination was safety related and therefore preempted under the ADA. Delta argues that Hobbs's *593 claim under the UADA[1] is preempted by the Federal ADA as a matter of law.
¶ 9 The ADA includes an express preemption provision that states, "a State... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1)(1998) (emphasis added). Delta asserts that Hobbs's termination was related to service because it concerned safety. The issue is whether Hobbs's handicap employment discrimination claim comes within the scope of this express preemption provision.[2]
¶ 10 In conducting a preemption analysis, we first focus on the nature of Hobbs's handicap discrimination claim, and then determine if it is preempted by the ADA. In employment discrimination matters, there is a specific multi-step process to establish and defend a claim. See University of Utah v. Industrial Comm'n, 736 P.2d 630, 634-35 (Utah 1987). The employee must first establish a prima facie case of discrimination; then the burden shifts to the employer to put forth a legitimate, nondiscriminatory reason for the action taken;[3] finally, the burden shifts back to the employee to prove, by a preponderance of evidence, that the legitimate reasons offered were a pretext for discrimination. See id.
¶ 11 Here, Hobbs established a prima facie case, as acknowledged by the UADD. Delta then put forth a legitimate reason for its action, asserting safety reasons for terminating Hobbs. Under usual circumstances, Hobbs would have the opportunity to show this stated reason was a pretext.[4] Indeed, that is the core of a discrimination claimthat the action taken was based on an impermissible reason.
¶ 12 However, in this case, at this early stage, the ALJ accepted Delta's characterization of the facts and premised her decision on Delta's safety rationale. She accepted Delta's proffered, though disputed, motivation for its action, and thus based her legal conclusion of preemption on an impermissible foundation.
¶ 13 The determination that Hobbs's termination was based on safety reasons was premature given the procedural posture of this case. A motion to dismiss "admits the facts alleged in the complaint but challenges the plaintiff's right to relief based on those facts." Russell v. Standard Corp., 898 P.2d 263, 264 (Utah 1995). All reasonable inferences from the accepted facts are to be drawn in the light most favorable to the plaintiff. See Robertson, 828 P.2d at 499. *594 The ALJ, instead of accepting the factual allegations of Hobbs's complaint and drawing all inferences in his favor, accepted Delta's characterizations of the incidents, particularly that Delta's motivation for terminating Hobbs was safety related. Delta's motivation is a disputed issue of fact; it is inappropriate to determine this factual matter at the level of a motion to dismiss.
¶ 14 The procedural posture of this case is nearly identical to Parise v. Delta Airlines, Inc., 141 F.3d 1463 (11th Cir.1998). In Parise, a district court granted Delta's motion to dismiss an employment discrimination claim, accepting Delta's explanation that the employee was terminated for safety reasons. See id. at 1464-65. The Eleventh Circuit reversed, concluding the district court erred in finding the claim preempted under the ADA. See id. at 1467-68. The court noted that "the district court ... explicitly premised its finding of preemption on the relationship between [the employee's alleged conduct] and the `service' of safety that Delta is bound to provide." Id. at 1466 (emphasis added). The court concluded that the district court erred by determining the legal significance of this relationship at this early stage of the proceedings: "Significantly, the issue of [the employee's alleged safety violations] arises here in response to and as a defense to the claim presented in the complaint. Although the complaint mentions [the alleged violations] as part of the factual narrative ... the complaint sets forth a cause of action for age discrimination." Id. The court emphasized that it is the cause of action, not the factual circumstances alleged in the answer, that determines whether a claim is preempted: "We believe that it is inappropriate ... for the court to credit the defendant's proffered non-discriminatory justification for its decision to terminate an employee and use that allegation as a basis to find preemption, thereby potentially depriving the plaintiff of any remedy." Id.
¶ 15 This describes Hobbs's situation. Even though the fact narrative includes Hobbs's admission of the accidents, the Appeals Board's preemption argument is founded exclusively on Delta's proffered reason for having terminated Hobbs. Cf. id. at 1467. However, Delta's motivation is a highly contested fact that is dispositive of the entire claim.
¶ 16 The Appeals Board accepted without question Delta's proffered reason for terminating Hobbs, when the reason is the matter in dispute.[5] Even if safety issues[6] are *595 preempted under the ADA, preemption cannot apply at this stage because Delta's motive is disputed.
¶ 17 In sum, the ALJ improperly accepted Delta's characterization of facts and motive, and thus reached a preemption conclusion prematurely. The Appeals Board likewise erred in affirming the ALJ's premature conclusion. We therefore reverse and remand to allow Hobbs an opportunity to prove his claim.
¶ 18 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, and NORMAN H. JACKSON, Judge.
NOTES
[1] The UADA provides: "An employer may not refuse to hire, promote, discharge, demote, or terminate any person, or to retaliate against, harass, or discriminate in matters of compensation or in terms, privileges, and conditions of employment against any person otherwise qualified, because of: ... disability." Utah Code Ann. § 34A-5-106(1)(a)(i) (1997).
[2] The United States Constitution provides that federal laws "shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. As a result, federal laws will preempt state law under some circumstances. Preemption analysis "start[s] with the assumption that the historic police powers of the States [are] not to be superseded by ... Federal Act unless that [is] the clear and manifest purpose of Congress." Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992) (citation and quotation marks omitted) (alterations in original). Whether express or implied, the ultimate test in determining the scope of preemption is the intent of Congress. See id. at 516, 112 S.Ct. at 2617.

It is well established that Congress's purpose in enacting the ADA was the encouragement of competition and the "economic deregulation of the airline industry." Charas v. Trans World Airlines, Inc., 160 F.3d 1259, 1265 (9th Cir. 1998). "`To ensure that the States would not undo federal deregulation with regulation of their own,' the ADA included a preemption clause." American Airlines Inc. v. Wolens, 513 U.S. 219, 222, 115 S.Ct. 817, 821, 130 L.Ed.2d 715 (1995) (quoting Morales v. Trans World Airlines, Inc., 504 U.S. 374, 378, 112 S.Ct. 2031, 2034, 119 L.Ed.2d 157 (1992)).
[3] Defendant's burden is not to persuade the court, but defendant must put forth evidence that "raises a genuine issue of fact as to whether it discriminated against [plaintiff]." University of Utah, 736 P.2d at 634.
[4] Hobbs alleges in his charge of discrimination that other Delta workers were accommodated. This is one way of showing that the proffered reason for an employment action is pretext, and the action is really based on a discriminatory reason.
[5] We agree with the dissent from the Appeals Board's decision, noting the majority "err[ed] in its reliance, at this stage of the proceedings, on facts that are not yet proved."
[6] Courts have consistently found employment discrimination claims based on race, sex, or age not preempted because they are not "related to services." See Wellons v. Northwest Airlines, Inc., 165 F.3d 493, 496 (6th Cir.1999) (holding state law race discrimination claim not preempted); Parise, 141 F.3d at 1467-68 (holding state law age discrimination claim not preempted); Abdu-Brisson, 128 F.3d at 86 (holding age claim not preempted); Gilman v. Northwest Airlines, Inc., 230 Mich.App. 293, 583 N.W.2d 536, 539-40 (1998) (holding sex discrimination claim not preempted). However, some courts distinguish claims based on physical characteristics, finding them preempted. See Belgard v. United Airlines, 857 P.2d 467, 469 (Colo.Ct.App.1992) (holding state handicap discrimination claim preempted); Fitzpatrick v. Simmons Airlines, Inc., 218 Mich. App. 689, 555 N.W.2d 479 (1996) (per curiam) (same). But see Aloha Islandair Inc. v. Tseu, 128 F.3d 1301, 1303 (9th Cir.1997) (holding state law disability claim not preempted).

Currently there is no single interpretation of what is encompassed by the term "service." Federal appellate circuits have developed two primary definitions of "service" in addressing ADA preemption. The Fifth Circuit has broadly defined service as that which is bargained for, including ticketing, food service, and baggage handling in addition to transportation. See Hodges v. Delta Airlines, Inc., 44 F.3d 334, 336 (5th Cir.1995) (en banc).
The Ninth Circuit forged its own definition. See Charas v. Trans World Airlines, Inc., 160 F.3d 1259 (9th Cir.1998). That court emphasized the ADA's purpose of economic deregulation and interpreted the ADA's preemption provision in this narrower context. "`Rates' indicates price; 'routes' refers to courses of travel." Id. at 1265. The court concluded that `service,' when juxtaposed with these terms, "refers to such things as the frequency and scheduling of transportation, and to the selection of markets." Id. at 1265-66. "To interpret `service' more broadly ... would result in the preemption of virtually everything an airline does." Id. at 1266.
The Third Circuit recently concluded the Ninth Circuit approach "offers a more promising solution" to interpreting the ADA preemption provision. Taj Mahal Travel Inc. v. Delta Airlines, Inc., 164 F.3d 186, 194 (3rd Cir.1998).