[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 16, 2009
THOMAS K. KAHN
CLERK

No. 09-12558
Non-Argument Calendar

_____

D. C. Docket No. 09-00188-CV-F-N

ALONZO AUSTIN,

Plaintiff-Appellant,

versus

CITY OF MONTGOMERY,
CELIA DIXON,
Major, in her individual and official capacities,
EUGENE REESE,
Circuit Court Judge of Montgomery County,
in his individual and official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 16, 2009)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM

Alonzo Austin appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against the defendants the City of Montgomery ("the City"), Major Celia Dixon of the City's Traffic Division and Montgomery Circuit Court Judge Eugene Reese. After review, we affirm.

According to Austin's pro se § 1983 complaint, in March 2007, Austin, who is African-American, was involved in a two-car accident. The unnamed police officer who responded at the scene, "in concert with" Major Dixon and the City, failed to interview witnesses or file a written report with the Director of Public Safety within 24 hours, as required by Alabama Code § 32-10-7. Austin later sued the driver of the other vehicle in the Montgomery Circuit Court, but lost after a jury trial presided over by Judge Reese.

According to Austin's complaint, under Alabama law, "the remedy [he] was seeking could only occur when a report is made to [the] Director who has jurisdiction under § 32-7-5, to make [a] decision." Austin's complaint alleged that by failing to file the written accident report, the defendants deprived him of his rights under state law "by failing to apprise that the [Alabama] Circuit Court was powerless in the matter at this stage." Austin's complaint alleged that the

defendants deprived him of: (1) his rights under Article I, Section 6 of the Alabama Constitution; (2) his due process and equal protection rights under the Fourteenth Amendment; (3) his civil rights under 42 U.S.C. § 1983; and (4) his rights against "abuse of process" and "abuse of discretion."

The defendants moved to dismiss Austin's complaint for, inter alia, failure to state a claim. A magistrate judge filed a report ("R&R") recommending that the district court sua sponte dismiss Austin's complaint for lack of subject-matter jurisdiction. The R&R concluded that Austin's complaint failed to assert any viable federal or constitutional claim and that there was no diversity jurisdiction because all of the parties were citizens of Alabama. The R&R also noted that Judge Reese was entitled to absolute immunity from civil liability.[1] Over Austin's objection, the district court adopted the R&R and dismissed Austin's complaint. The district court order states: (1) "[t]he plaintiff's state law claims are DISMISSED without prejudice," and (2) [t]his case is DISMISSED pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3)."[2] Austin filed this appeal.

---

[1] In addition, the R&R concluded that to the extent Austin challenged the outcome of the state court civil action against the other driver in Montgomery Circuit Court, his claims were barred by the Rooker-Feldman doctrine and should be dismissed with prejudice. The district court dismissed this claim with prejudice. Austin does not challenge this ruling on appeal, and we do not address it further.

[2] Federal Rule of Civil Procedure 12(b)(1) permits the defense of lack of subject-matter jurisdiction to be raised in a pre-answer motion. Fed. R. Civ. P. 12(b)(1). Federal Rule of Civil Procedure 12(h)(3) requires the district court to dismiss an action if it "determines at any time

Subject-matter jurisdiction in federal court can be based upon either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332.[3]  "Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." Wyke v. Polk County Sch. Bd, 129 F.3d 560, 566 (11th Cir. 1997). A claim is "insubstantial" and may be dismissed if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim."  Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir.1998) (quotation marks omitted).  "The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover.  Rather, the test is whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction."  McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1494 (11th Cir.1990) (en banc) (quotation marks and ellipsis omitted).[4]

_____

that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3).  "A dismissal for lack of subject matter jurisdiction is a not a judgment on the merits and is entered without prejudice." Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008).

[3]Austin argues only that federal question jurisdiction exists and does not challenge the district court's diversity jurisdiction ruling.

[4]We review de novo a district court's determination that it lacks subject-matter jurisdiction.  Parise v. Delta Airlines, Inc., 141 F.3d 1463, 1465 (11th Cir. 1998).  Any factual findings concerning subject-matter jurisdiction made by the district court are overturned only if clearly erroneous.  Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1238 (11th Cir. 2002).

Austin argues that the district court had federal question jurisdiction because Austin brought his action under § 1983. Construing Austin's pro se complaint liberally, Austin alleges that defendants violated his due process and equal protection rights under the Fourteenth Amendment by failing to comply with § 10-32-7 of the Alabama Code.

It is axiomatic that in order to prevail on a civil rights action under § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (emphasis added). From the face of Austin's complaint, it is clear that his claims are wholly frivolous.

For example, Austin's allegation that the defendants violated Alabama Code § 32-10-7 does not provide a basis for a § 1983 due process claim. The violation of a state statute that does not create a liberty or property interest cannot be the basis for a due process claim. Harris v. Birmingham Bd. of Educ., 817 F.2d 1525, 1527 (11th Cir. 1987). Section 32-10-7 imposes a purely procedural requirement upon an investigating law enforcement officer to file a report with Alabama's Director of Public Safety and does not create any sort of constitutionally protected liberty or property interest.[5]

---

[5]Section 32-10-7 of the Alabama Code provides that "[e]very law-enforcement officer who in the regular course of duty investigates a motor vehicle accident, either at the time of and

Likewise, Austin's allegation that defendants violated § 32-10-7 does not provide a basis for an equal protection claim. To properly plead an equal protection claim, a plaintiff must allege that, through state action, similarly situated persons are treated disparately. Thigpen v. Bibb County, 223 F.3d 1231, 1237 (11th Cir. 2000), abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061 (2002). Austin's complaint does not allege that the defendants, in failing to comply § 32-10-7, treated him differently based on his race.

For all of these reasons, we conclude that Austin's § 1983 claims are wholly without merit and too insubstantial to raise a federal question. Because we affirm the district court's dismissal of Austin's entire complaint for lack of subject-matter jurisdiction, we do not reach Austin's argument that the district court erred in concluding that Judge Reese is entitled to absolute immunity.

**AFFIRMED.**

---

at the scene of the accident or thereafter by interviewing participants or witnesses, shall, within 24 hours after completing such investigation, forward the necessary completed written report or copy thereof of such accident to the director on the uniform accident report form supplied by the director." Ala. Code § 32-10-7. The term "the director" refers to "the Director of Public Safety of Alabama." Ala. Code § 32-1-1.1(12).