[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2012
JOHN LEY
CLERK

No. 11-12747
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cv-02433-SDM-TBM

MELVIN GILMORE,

Plaintiff-Appellant,

versus

DIRECTOR, U.S. DEPARTMENT OF LABOR,
Office of Workers Compensation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 6, 2012)

Before DUBINA, Chief Judge, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Appellant Melvin Gilmore appeals the dismissal of his complaint filed pursuant to the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.*, ("FECA"), for lack of subject-matter jurisdiction. On appeal, Gilmore argues that the U.S. Department of Labor's ("DOL") Office of Workers' Compensation Program ("OWCP") failed to properly implement the decision of the DOL's Employees' Compensation Appeals Board (the "Board"), dated February 23, 2005, that required the OWCP to restore his full benefits and make retroactive payments. He maintains that the OWCP's actions were a violation of his Fifth Amendment due process rights. Gilmore also states that pursuant to 5 U.S.C. § 706, the district court retained jurisdiction to enforce the Board's 2005 decision because he was not asking for a review of the facts of the case, but rather, seeking an adjustment of benefits previously awarded, pursuant to 5 U.S.C. § 8128(a).

We review *de novo* the district court's dismissal of the complaint for lack of subject-matter jurisdiction and construe the facts favorably to the plaintiff. *Parise v. Delta Airlines, Inc.*, 141 F.3d 1463, 1465 (11th Cir. 1998). To establish jurisdiction, "the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds

upon which the court's jurisdiction depends.'" *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (quoting Fed. R. Civ. P. 8(a)). Although we liberally construe *pro se* pleadings, *pro se* litigants nonetheless are required to abide by procedural rules. *Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011). The district court has an obligation to look behind the label of a *pro se* motion and, if possible, interpret it as any request for relief over which the court may have jurisdiction. *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

Federal courts have limited jurisdiction and are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F. 3d 405, 410 (11th Cir. 1990)). If at any time during the proceedings the court determines that it lacks subject-matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, even a claim that arises under the Constitution, laws, or treaties of the United States may be dismissed for lack of subject-matter jurisdiction if (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "such a claim is wholly insubstantial and

3

frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (citation omitted).

The FECA is a comprehensive and exclusive workers' compensation scheme for federal civilian employees who are injured or killed while performing their work duties. *Noble v. United States*, 216 F.3d 1229, 1234 (11th Cir. 2000). Central to the FECA's statutory scheme is the Secretary of Labor (the "Secretary"), who has the authority to administer and decide all questions arising under the FECA. *Id.* The Secretary has delegated its authority to oversee the FECA's administration and implementation to the Director of the OWCP. *Id*. The Secretary retains the ability to review an award for or against payment of benefits at any time on his own motion, or by application. 5 U.S.C. § 8128(a).

However, the FECA bars judicial review of the Secretary's decision allowing or denying an award of benefits. 5 U.S.C. § 8128(b). The Supreme Court has noted that the "FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90, 112 S. Ct. 486 (citation omitted). Moreover, "[c]onclusions of law and fact made by the Secretary or the [Employees' Compensation Appeals Board] are also immune from judicial review." *Woodruff v. U.S. Dep't of Labor*, 954 F.2d 634, 637 (11th Cir. 1992)

(citation omitted).  However, there are two instances in which a federal court may exercise jurisdiction over a final decision of the Secretary under the FECA, namely, when (1) a clear statutory mandate or prohibition has been violated, or (2) there is a colorable constitutional claim.  *Id.* at 639-40.

Gilmore alleges several constitutional and statutory violations by the Director of the OWCP.  However, the only matters of substance that would fall within the two exceptions to 5 U.S.C. § 8128(b) are Gilmore's assertions that the Director deprived him of his substantive and procedural due process rights.  Gilmore alleges that he suffered a deprivation of property (back pay and interest) when the Director failed to implement the Board's February 2005 decision.  However, a review of that decision shows no entitlement to back pay and interest – only that the OWCP should have considered a modification of Gilmore's wage-earning capacity based on his alleged recurrence of total disability.  On remand, the OWCP concluded that a modification was not warranted and further denied Gilmore's motion for reconsideration.  As the OWCP's decision was based on a factual inquiry, it is immune from judicial review.  *Woodruff*, 954 F.2d at 637 (citing 5 U.S.C. § 8128(b)).  As for the alleged procedural due process claim, the Supreme Court has held that "[t]he fundamental requirement of due process is an opportunity to be heard 'at a meaningful time and in a meaningful manner.'"

5

*Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, (1976) (citation

omitted). Gilmore does not demonstrate a deprivation of the opportunity to notice

or hearing.

Because the record demonstrates that Gilmore failed to show that the

Director violated a clear statutory mandate or assert a colorable constitutional

claim, we conclude that the district court properly dismissed his complaint for lack

of subject-matter jurisdiction. Accordingly, we affirm the judgment of dismissal.

**AFFIRMED.**