[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13395
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00577-CG-B

DONNA GIBSON,

Plaintiff-Appellant,

versus

JAY YORK,
TODD VOLKMAN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 23, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Donna Gibson, proceeding *pro se*, appeals the district court's grant of attorney Jay York's and Dr. Todd Volkman's motions to dismiss Gibson's complaint filed under 42 U.S.C. §§ 1983, 1984, and 1985, alleging violations of the Sixth, Eighth, and Fourteenth Amendments against York, and violations of the Eighth and Fourteenth Amendments against Volkman.  On appeal, Gibson argues that the district court erred in dismissing her complaint as to York for failure to state a claim on which relief could be granted and lack of subject matter jurisdiction, because York violated her Sixth and Fourteenth Amendment rights by preventing her from receiving a jury trial and failing to adequately represent her in her underlying workers' compensation case.  As to Volkman, she argues that the district court erred in dismissing her complaint for failure to state a claim, because his treatment of her exhibited deliberate indifference to her serious medical needs and he violated his professional code of conduct by telling York that her injuries were not work related.

## I.

We review a district court's order granting a motion to dismiss for lack of subject matter jurisdiction *de novo*, viewing the facts in the light most favorable to the plaintiff.  *Parise v. Delta Airlines, Inc.*, 141 F.3d 1463, 1465 (1998).  The burden of establishing federal subject matter jurisdiction lies with the party

asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).

We review a district court's dismissal for failure to state a claim *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The district court must view the complaint in the light most favorable to the plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

Subject matter jurisdiction in federal court can be established through either federal question jurisdiction, under 28 U.S.C. § 1331, or diversity jurisdiction, under 28 U.S.C. § 1332. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim that purports to arise under the Constitution or a federal statute may be dismissed if (1) the alleged claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotations omitted).

Under 28 U.S.C. § 1367(a), federal courts also have "the power to exercise supplemental jurisdiction over all claims that arise out of a common nucleus of operative fact with a substantial federal claim." *Upper Chattahoochee Riverkeeper*

3

*Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 678 (11th Cir. 2012). However, we encourage district courts to dismiss any remaining state claims when the federal claims have all been dismissed prior to trial. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint based on the defendant's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must present factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Once a claim has been sufficiently stated, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563, 127 S.Ct. at 1969. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations, alteration, and citation omitted).

Access to the courts is a right grounded in several constitutional amendments, including the First, Fifth, and Fourteenth Amendments. *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003). To assert such a claim, the plaintiff

4

must possess a non-frivolous, arguable underlying cause of action, the presentation of which was prevented by the defendant. *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006).

Under Alabama law, "[i]n case of a dispute between employer and employee . . . [t]he controversy shall be heard and determined by the judge who would hear and determine a civil action between the same parties arising out of tort." Ala. Code § 25-5-81(a)(1). "When willful misconduct on the part of the employee is set up by the employer, . . . the employer may, upon appearing, demand a jury to hear and determine, under the direction of the court, the issues involved in this defense." *Id.* § 25-5-81(a)(2).

The district court did not err in granting York's motion to dismiss based on failure to state a claim and lack of subject matter jurisdiction. First, Gibson failed to state a claim against York for violation of her constitutional rights, specifically the right of access to the courts. Under Alabama law, employment disputes such as Gibson's workers' compensation claim against her employer, Rooms-to-Go, Inc. ("Rooms-to-Go"), are tried before a judge, not a jury, unless the defendant asserts a defense of willful misconduct. Ala. Code § 25-5-81(a)(1), (2). Rooms-to-Go did not assert a willful misconduct defense in its answer and at no time before the district court or on appeal has Gibson alleged that Rooms-to-Go otherwise asserted such a defense. Even accepting her other allegations as true,

5

York could not possibly have prevented her from receiving a jury trial because under Alabama law she was not entitled to have her case heard by a jury. She cannot assert an access-to-the-courts claim because Alabama law, not York, prevented the presentation of her underlying workers' compensation action to a jury. *See Barbour*, 471 F.3d at 1226.

Second, Gibson failed to meet her burden of establishing federal subject matter jurisdiction over her remaining claims, which are based on alleged deficiencies in York's representation of her during her workers' compensation case. In addition to her access-to-the-courts claim, her complaint against York referenced the Sixth, Eighth, and Fourteenth Amendments. However, she did not indicate in her complaint or in her response to York's motion to dismiss how his alleged actions violated any of these amendments or any federal statute. She cites only to the Alabama Legal Services Liability Act and the Rules of Professional Conduct, neither of which is a federal statute. Her remaining claims consist of allegations of legal malpractice, and her references to constitutional amendments appear to be either immaterial and made solely for the purpose of obtaining federal jurisdiction or wholly insubstantial and frivolous. *See Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1352. Therefore, even viewing the facts in the light most favorable to Gibson, she fails to show that her claim arises under either the

6

Constitution, a federal statute, or a United States treaty, and she failed to establish federal question jurisdiction. *See* 28 U.S.C. § 1331.

Finally, because her only federal claim was dismissed prior to trial, the district court was correct to decline to exercise supplemental jurisdiction over Gibson's state legal malpractice claims. *See Raney*, 370 F.3d at 1089.

## II.

Federal and state governments "have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain," which is proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (quotation and citation omitted).

The Fourteenth Amendment "can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 923-24, 102 S.Ct. 2744, 2746-47, 73 L.Ed.2d 482 (1982). "As a matter of substantive constitutional law, the state-action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments . . . ." *Id.* at 936, 102 S.Ct. at 2753. In numerous contexts, the Supreme Court has "insisted that the conduct allegedly

7

causing the deprivation of a federal right be fairly attributable to the State." *Id.* at 937, 102 S.Ct. at 2753-54.

The district court did not err in granting Volkman's motion to dismiss based on Gibson's failure to state a claim. Accepting Gibson's statements in her complaint and her response to Volkman's motion to dismiss as true, Volkman provided her with deficient medical treatment and incorrectly and improperly informed York that her injury was not work related. *See Am. United Life Ins. Co.*, 480 F.3d at 1057. But Gibson did not receive medical treatment from Volkman while she was in prison or otherwise receiving punishment through incarceration, and she therefore fails to state any set of facts consistent with a violation of the Eighth Amendment. *See Bell Atl. Corp.*, 550 U.S. at 563, 127 S.Ct. at 1969; *see also Harris*, 941 F.2d at 1504. Similarly, she fails to state how any of Volkman's actions violated her Fourteenth Amendment rights because she fails to establish or even allege that Volkman's actions in providing private medical care constituted "state action" that could potentially violate the Fourteenth Amendment. *See Lugar*, 457 U.S. at 923-24, 102 S.Ct. at 2746-47.

To the extent that Gibson asserts state-law claims of negligence and medical malpractice, she fails to establish federal subject matter jurisdiction. Finally, since her federal claims were dismissed prior to trial, the district court was correct to

8

decline to exercise supplemental jurisdiction over Gibson's negligence and medical malpractice claims.  *See Raney*, 370 F.3d at 1089.

Based on the above, we affirm.

**AFFIRMED.**[1]

---

[1]    Appellee York's motion to file supplemental authority and Appellant Gibson's motion to file a reply brief out of time are GRANTED.