[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11949
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cv-00656-WMA

JAMES MCCONICO, JR.,

Plaintiff-Appellant,

versus

THE COCHRAN FIRM,
A Domestic Prossessional Corporation,
JUSTIN M. TAYLOR,
Attorney,
JAMES W. PARKMAN, III,
Attorney,
WILLIAM CALVIN WHITE, II,
Attorney,
SAMUEL A. CHERRY, JR.,
Director, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 4, 2014)

Before MARCUS, MARTIN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

James McConico, Jr., a prisoner proceeding pro se, appeals the sua sponte dismissal of his breach-of-contract action for lack of subject matter jurisdiction. McConico argues that the district court had jurisdiction based on diversity under 28 U.S.C. § 1332. We affirm the district court.

We review de novo a district court's order dismissing a case for lack of subject matter jurisdiction, viewing the facts in the light most favorable to the plaintiff. Parise v. Delta Airlines, Inc., 141 F.3d 1463, 1465 (11th Cir. 1998). District courts have subject matter jurisdiction based on diversity if the amount in controversy exceeds $75,000 and the case is between citizens of different states. § 1332(a). For diversity to exist there must be complete diversity: "every plaintiff must be diverse from every defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). When invoking federal jurisdiction based on diversity, a plaintiff must allege facts showing diversity exists by "includ[ing] the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of

2

the same state as any defendant." Travaglio v. Am. Expresss Co., 735 F.3d 1266, 1268 (11th Cir. 2013).  Natural persons are citizens of the state where they are domiciled.  McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).  A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business.  § 1332(c)(1).

Diversity did not exist here.  In his complaint, the plaintiff, McConico, alleged Alabama citizenship for himself and four of the named individual defendants.  He also alleged that the defendant-corporation, The Cochran Firm, had its principal place of business in, and is therefore a citizen of, Alabama.  Due to the lack of complete diversity, the district court lacked subject matter jurisdiction.  The district court did not err in dismissing the case.

**AFFIRMED.**