[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11512
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-04736-TCB

WILLIE PEARL SMITH,
individually and as Personal Representative for and
as administratrix for the estate of Akiah Kamil Smith,

Plaintiff-Appellant,

versus

HOSPITAL AUTHORITY OF COBB COUNTY,
COBB HOSPITAL, INC.,
WELLSTAR COBB HOSPITAL AUXILIARY, INC,
WELLSTAR HEALTH SYSTEM, INC.,
WELLSTAR MEDICAL GROUP, LLC, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 19, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Willie Pearl Smith, proceeding pro se, appeals the district court's sua sponte order dismissing for lack of subject matter jurisdiction her complaint against the Hospital Authority of Cobb County, Cobb Hospital, Wellstar Cobb Hospital Auxiliary, Wellstar Health System, Wellstar Medical Group, Health Port Technologies, and persons employed by them.  On appeal, Smith argues that the district court erred in dismissing her complaint because the Hill-Burton Act provides her with a federal right of action for tortious acts committed by institutions receiving federal funds under the Act.  After careful review, we affirm.

We review a district court's order to dismiss for lack of subject matter jurisdiction de novo.  Parise Delta Airlines, Inc., 141 F.3d 1463, 1465 (11th Cir. 1998).  Section 1331 provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In a claim for relief under 42 U.S.C. § 1983, the conduct complained of must have: (1) deprived plaintiff of a right secured by the Constitution or laws of the United States and (2) been committed by a person acting under color of state law.  Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276-77 (11th Cir. 2003).  The federal right asserted must "not supplant state tort law; liability is appropriate solely for violations of federally protected rights."  Almand v. DeKalb Cty., 103 F.3d 1510, 1513 (11th Cir. 1997).

2

Here, the district court did not err in dismissing Smith's complaint for lack of subject matter jurisdiction because it did not present a federal question.  For starters, the record reveals that Smith's claims -- which include fraud, breach of contract, and medical malpractice -- are all state-based.  As a result, she cannot use § 1983 to litigate state claims in federal court.  See id.

Moreover, there is no federal right of action for plaintiffs who allege tort claims against institutions receiving federal funds under the Hill-Burton Act.  See 42 U.S.C. § 291 et seq. (codifying the Hill-Burton Act and providing no federal right of action for tort claims against hospitals receiving funding under the Act). While the Act requires that funds be used for rural hospital modernization and to provide care to the indigent, it does not condition the receipt of funds on non-tortious medical treatment.  Id. § 291c.  Nothing in the Act's text supports Smith's claim that the Hill-Burton Act provides a federal right of action for tort claims -- indeed, the Act does not mention tortious conduct as a possible violation of the Act, nor does it expressly provide a federal right of action for tort claims.  See id. §§ 291b, 291c (describing the allotments to each state under the Hill-Burton Act and the requirements for each state that receives funding).  As for Smith's reliance on Saine v. Hosp. Auth. of Hall Cty., 502 F.2d 1033 (5th Cir. 1974),[1] it is inapplicable.  Smith correctly argues that this Court held in Saine that there was a

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

3

private federal right of action to enforce the Hill-Burton Act, but that right was expressly limited to violations towards indigent persons refused treatment because they were unable to pay. Id. at 1034. The federal claim Smith alleged under the Hill-Burton Act is for general medical malpractice, which has no connection to the refusal to treat indigent persons for their inability to pay. See id. Because the federal right of action recognized under the Hill-Burton Act is not for tort claims, Smith cannot claim a deprivation of a federal right for tort claims by using the Hill-Burton Act, and her § 1983 claim does not contain an alleged deprivation of a federal right. See Focus, 344 F.3d at 1277.

In short, Smith has failed to state a claim arising under the laws or Constitution of the United States for which jurisdiction may be based under § 1331, and we affirm.

**AFFIRMED**.

4