Joseph **BROWN**, Vincent **McLaren**, **Philip Fields, Carlos Borges Carreiro, Patricia Shea–Scanlon, Dharam Saihgal, Elvis Butcher, Larry Holt, Scott Gordon, Michael Rashad, Lorenzo Wiley, James Brown, Gerardo Aguirre, Kevin Reaves, Michael Kalinowski, and all others similarly situated, Plaintiffs,**

v.

**UNITED AIR LINES, INC., Defendant.**

**Civ. Action No. 08cv10689–NG.**

United States District Court, D. Massachusetts.

Sept. 22, 2009.

Hillary A. Schwab, Shannon E. Liss–Riordan, Lichten & Liss–Riordan, P.C., Boston, MA, for Plaintiffs.

Brigitte M. Duffy, Carla J. Eaton, Seyfarth Shaw, LLP, Boston, MA, Bruce H. Rabinovitz, Jonathan E. Nuechterlein, Rachel Z. Stutz, Wilmer Cutler Pickering Hale and Dorr, Washington, DC, Defendant.

***MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION OF, OR, IN THE ALTERNATIVE, INTERLOCUTORY APPEAL FROM, THE ORDER DENYING DEFENDANT'S MOTION TO DISMISS, AND TO STAY THE PROCEEDINGS***

GERTNER, District Judge.

## I. INTRODUCTION

In this putative national class action suit against United Air Lines ("United"), Plaintiffs are skycaps, airline employees who help passengers check in luggage at the curbs of airport terminals. The proposed class includes all skycaps who worked at United terminals after February 1, 2006, when United emerged from bankruptcy. The suit arises from the airline's imposition of a $2 fee per bag for curbside check-in, a service that used to be a source of tips for baggage handlers. Plaintiffs present two theories: first, passengers intend the cash payments to be "tips" that belong to the employees; second, the charges interfere with the skycaps' wages because passengers are unlikely to tip in addition to the bag fee. Based on these theories, the skycaps assert claims on behalf of the entire class for tortious interference with advantageous relations and unjust enrichment. With regard to members of the class who work in Massachusetts, Plaintiffs also allege violation of the Massachusetts Tips Law, Mass. Gen. Laws ch. 149, § 152A, which requires payments intended as tips to be remitted to service employees.

On August 13, 2008, United filed a motion to dismiss, arguing that the state claims are all preempted by the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713(b)(1), and by the Federal Aviation Act ("FAA"), 49 U.S.C. §§ 40101 et seq. On March 26, 2009, I denied the motion based on the authority of *DiFiore v. American Airlines*, 483 F.Supp.2d 121 (D.Mass.2007), which held that an identical set of tips claims was not preempted by the ADA. On April 7, 2009, United filed a motion for reconsideration of the motion to dismiss, arguing that cases that have come down since *DiFiore* cast doubt on that precedent. In the alternative, they move for interlocutory appeal of the order denying the motion to dismiss. Plaintiffs filed a motion to certify the class on August 11, 2008, which is also pending.

Upon reconsideration, I hold that the Plaintiffs' claims are preempted by the ADA.[1] The Supreme Court has recently explained that the ADA preempts state laws which have a "significant impact" on prices and services, *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 128 S.Ct. 989, 997, 169 L.Ed.2d 933 (2008) (quoting *Mor-*

---

1. Skycaps do have other options for challenging the practices at issue in this case, such as the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., but they have brought only state claims here.

ales v. Trans World Airlines, Inc., 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)), and has emphasized the "unusual breadth" of ADA preemption. *Altria Group, Inc. v. Good*, — U.S. —, 129 S.Ct. 538, 547, 172 L.Ed.2d 398 (2008). Based on these precedents, another court in this district ruled earlier this year that the claims asserted by skycaps against JetBlue were expressly preempted because potential liability under state law claims would force airlines to alter the *"price* for a *service,"* namely curbside check-in. *Travers v. JetBlue Airways Corp.*, 08–10730, 2009 WL 2242391, at *2 (D.Mass. July 23, 2009). I disagree with the court in *Travers* that the state laws have a significant effect on price, because the Plaintiffs seek only to change the *manner* in which the fee is collected. I agree, however, that the state laws are preempted because liability under such laws would affect curbside check-in *services.* I do not reach the question of implied preemption under the FAA, or United's alternative request for interlocutory appeal, because explicit preemption under the ADA is sufficient to dismiss the lawsuit.

For the reasons described below, Defendant's motions to reconsider (Document # 44) and dismiss (Document # 12) are **GRANTED.** Since Plaintiffs' claims are preempted, Plaintiffs' motion to certify the class (Document # 9) is **MOOT.**

## II. *STANDARD OF REVIEW*

District courts have "substantial discretion" in ruling on motions for reconsideration. *Serrano–Perez v. FMC Corp.*, 985 F.2d 625, 628 (1st Cir.1993). To prevail, the moving party must either present previously unavailable evidence or show that a manifest error of law was committed. *Palmer v. Champion Mortgage.*, 465 F.3d 24, 30 (1st Cir.2006).

When reviewing a motion to dismiss under Fed R. Civ. P. 12(b)(6), the court must decide whether the Plaintiffs have stated a claim upon which relief can be granted. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court will accept all allegations of fact in the complaint, with all reasonable inferences drawn in favor of the Plaintiffs. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993). A complaint will be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim. *Miranda v. Ponce Fed'l Bank*, 948 F.2d 41, 44 (1st Cir.1991) (citing *Conley*, 355 U.S. at 45, 78 S.Ct. 99). Nevertheless, the plaintiffs' factual allegations must be more than speculative, and "require[ ] more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## III. *FACTS*

According to the Plaintiffs, skycaps historically received the majority of their compensation from passengers' tips. Am. Compl. ¶ 1. In 2005, United began to charge $2 for each bag received by skycaps in most U.S. airports. *Id.* ¶ 1.[2] United has not remitted any of the fees to the baggage handlers and has not adequately notified passengers of this fact. *Id.* ¶¶ 26, 30. Many passengers thus believe this fee is a gratuity, and few voluntarily tip in addition to the fee.[3] *Id.* ¶¶ 28–29. Conse-

---

2. United's bag fee has since been suspended. Pls.' Opp'n to Def.'s Mot. to Dismiss at 2 n. 1; Def.'s Reply Mem. in Supp. of Mot. to Dismiss at 3 n. 1.

3. The Plaintiffs provide various quotes indicating that customers believe the fee is a tip, such as "this is for you," "here you go," it's about time they started charging, a lot of

quently, skycaps receive significantly lower compensation now than they did before United assessed the fee. *Id.* ¶ 28. Plaintiffs also report that it would be possible for United to charge bag fees at the time of ticket purchase, or with a credit card at the time of check in. *See* Sections IV.A and IV.B, *infra.*

## IV. *ADA PREEMPTION*

■ United moves to dismiss based on express ADA preemption. The ADA's preemption provision forbids states from enacting or enforcing "a law, regulation, or other provision having the force or effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1).[4] In interpreting this provision, the Supreme Court has repeatedly stressed the "broad pre-emptive purpose" of the ADA. *Morales,* 504 U.S. at 383, 112 S.Ct. 2031; *see also Altria Group,* 129 S.Ct. at 547; *Rowe,* 128 S.Ct. at 996.

■ Accordingly, the Court has interpreted the statute to mean "[s]tate enforcement actions having a connection with, or reference to, airline 'rates, routes, or services' are preempted." *Morales,* 504 U.S. at 383–84, 112 S.Ct. 2031 (1992). The First Circuit has further explained that a connection exists where the state law "has a forbidden significant effect upon" rates, routes, or services. *United Parcel Serv., Inc. v. Flores–Galarza,* 318 F.3d 323, 335 (1st Cir.2003); *see also Rowe,* 128 S.Ct. at 997. Although the ADA's preemption provision is broad, the Supreme Court has also held that state laws are not preempted where they would "affect airline fares in too tenuous, remote, or peripheral a manner." *Morales,* 504 U.S. at 390, 112 S.Ct. 2031.

## A. *Price Preemption*

■ United's first argument relates to the effect of Plaintiffs' state law claims on prices. The ADA preempts laws that "explicitly refer to an airline's prices and those that have a significant effect upon prices." *Buck v. American Airlines, Inc.,* 476 F.3d 29, 34–35 (1st Cir.2007). United argues that the claims "explicitly refer to" the airline's prices "because they would predicate liability on an airline's decision to impose a $2 fee for the service of curbside baggage check-in." Def.'s Mem. in Supp. of Mot. for Recons. at 7. The claims allegedly would have a "significant effect" on prices because they would "forc[e] carriers to rebundle the price of such services into the airfares charged to all passengers." Def.'s Mem. in Supp. of Mot. to Dismiss at 7.

■ With regard to the first type of price preemption, United misstates Plaintiffs' claims. The Massachusetts Tips Law and the common law claims involved in the instant case and in *DiFiore* do not explicitly refer to airline prices. Plaintiffs do not challenge the airline's right to charge a fee for curbside baggage services in the first place, nor do they challenge the amount of the fee. Pls.' Opp'n to Def.'s Mot. for Recons. at 7. Instead, their theory of liability is that "United cannot benefit by imposing and retaining an intentionally-misleading fee that deceives customers into believing they are paying a tip or gratuity to the skycaps." *Id.* at 8 n. 1. That is, they challenge only the *deceptive manner* in which the fee is charged.

The second type of price preemption, based on a "significant effect," presents a

---

people don't know to tip you," and "this goes to you, right?" Pls.' Opp'n to Def.'s Mot. to Dismiss at 4.

4. State common law is included in the ADA's preemptive scope. *See United Airlines, Inc. v. Mesa Airlines, Inc.,* 219 F.3d 605, 607 (7th Cir.2000).

harder issue, and requires attention to the alternative methods for charging the fee. Plaintiffs argue that in light of the history of tipping at curbside check-in, passengers will not understand that airlines now charge for the service so long as it continues to be offered on the curb, for cash, in the amount of a few dollars. The Plaintiffs propose that United could charge a bag fee at the time tickets are purchased, or as a credit card charge during check in. Pls.' Opp'n to Def.'s Mot. to Dismiss at 14 n. 8. United responds that these proposals are unworkable because the first would prevent passengers from deciding whether to use curbside check-in when they arrive at the airport, and the second would require expensive installation of credit card readers for the sole purpose of collecting bag fees. Def.'s Reply Mem. at 6. Instead, United would need to raise its prices for all customers. Def.'s Mem. in Supp. of Mot. for Recons. at 8.

At the stage of a motion to dismiss, I must make reasonable inferences from the pleadings in the plaintiffs' favor. *See Phoung Luc v. Wyndham Mgmt. Corp.,* 496 F.3d 85, 88 (1st Cir.2007). I assume, therefore, that it is possible for passengers to pay the fee with a credit card using existing machines set up for printing boarding passes. Any decrease in the number of passengers who use the service because of a credit card requirement would have too remote an effect on airline prices to warrant preemption. *See Morales,* 504 U.S. at 390, 112 S.Ct. 2031. Payments to employees as a result of compli-

ance with wage laws also would have only an attenuated effect on prices. *See Californians for Safe and Competitive Dump Truck Transp. v. Mendonca,* 152 F.3d 1184, 1189 (9th Cir.1998). The state law claims, therefore, are not preempted based on price.

**B. Services Preemption**

 As a second basis for preemption, United alleges that Plaintiffs' claims are related to an airline service. Plaintiffs have not disputed that curbside check-in is a service, and indeed, most circuits have held that baggage handling is one of the core services provided by an airline. *See Air Transport Ass'n of America v. Cuomo,* 520 F.3d 218, 223 (2d Cir.2008); *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1433 (7th Cir.1996) (quoting *Hodges v. Delta Airlines, Inc.,* 44 F.3d 334, 336 (5th Cir.1995) (en banc)). *But see Charas v. Trans World Airlines,* 160 F.3d 1259 (9th Cir.1998) (en banc) (holding that "services" does not include ancillary activities such as baggage handling).[5] It is no defense to preemption that United does not presently charge a fee for curbside check-in. *See Buck,* 476 F.3d at 36. The question, therefore, is whether the theory of Plaintiffs' claims would have a significant effect on curbside check-in services.

 Plaintiffs have rejected the possibility of changing signage to notify passengers that the fees are not tips. Pls.' Opp'n to Def.'s Mot. to Dismiss at 2.[6] Instead,

---

5. In *Cuomo,* the Second Circuit explained that the 9th Circuit's approach

is inconsistent with the Supreme Court's recent decision in *Rowe.* There, the Court necessarily defined "service" to extend beyond prices, schedules, origins, and destinations. Indeed, in determining that the ADA's preemption provision reached, among other things, the imposition of recipient verification requirements on tobacco

shipments, the Court stated expressly that "federal law must ... pre-empt Maine's efforts directly to regulate carrier services." 520 F.3d at 223 (quoting *Rowe,* 128 S.Ct. at 998).

6. A mere request that airlines change the signs at curbside baggage check-in presumably would not invoke ADA preemption.

their claims would require passengers to pay online beforehand, or with a credit card at the curb, or even remove service from the curb completely. Each of these options would dramatically alter the nature of the curbside check-in service. Payment beforehand would force passengers to decide whether they want to check bags before they have even packed for the trip. The credit card solution, if feasible on existing machines for printing boarding passes, would require customers checking bags both to carry a credit card and to use the machines for printing boarding passes even if they had checked in online prior to arriving at the airport.[7] Finally, elimination of curbside check-in would alter baggage handling service altogether. Since each of these proposed solutions for the airline to avoid further liability would alter the curbside check-in service, the Plaintiffs' claims are preempted under 49 U.S.C. § 41713(b)(1). *See Travers,* 2009 WL 2242391, at *3.

### C. Preemption of Employment Laws

■ Plaintiffs' main argument against the motion to dismiss is that employment-related claims are outside the preemptive scope of the ADA. In support of this argument, they cite cases that refer to the relationship between airlines and passengers. *See American Airlines, Inc. v. Wolens,* 513 U.S. 219, 228, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995); *Alaska Airlines, Inc. v. Brock,* 480 U.S. 678, 680, 107 S.Ct. 1476, 94 L.Ed.2d 661 (1987); *Branche v. Airtran Airways, Inc.,* 342 F.3d 1248, 1255 (11th Cir.2003). They also cite various court of appeal cases that rejected preemption with

regard to employee claims. *See, e.g., Gary v. Air Group, Inc.,* 397 F.3d 183, 190 (3rd Cir.2005); *Branche v. Airtran Airways, Inc.,* 342 F.3d 1248, 1262 (11th Cir.2003); *Air Transport Ass'n of America v. City and County of San Francisco,* 266 F.3d 1064, 1072 (9th Cir.2001). In *DiFiore,* the court concluded that these and other cases "reflect [a] heightened presumption against preemption in areas of traditional state regulation such as employment law." *DiFiore,* 483 F.Supp.2d at 126.

Although the *purpose* of the ADA does relate to the relationship between airlines and passengers,[8] Plaintiffs are wrong to conclude that the ADA accomplishes this purpose by preempting only claims brought by passengers. The First Circuit has been clear in stating that the test for preemption is whether the claim has a "significant effect" on prices, routes, or services. *Flores–Galarza,* 318 F.3d at 335. Since the claim would sufficiently alter United's services, it is of no consequence that it is brought by employees. Indeed, the Supreme Court's statements about the "broad pre-emptive purpose" of ADA preemption support this focus on effects of the claim, rather than the type of plaintiff. *Morales,* 504 U.S. at 385, 112 S.Ct. 2031.

■ To the extent that courts were uncertain at the time *DiFiore* was decided in 2007 about the existence of an exception to—or presumption against—preemption in areas of traditional state regulation, *Rowe* resolved the ambiguity. *Rowe* dealt with a Maine law subjecting motor carriers to certain recipient-verification and other regulations designed to keep tobacco prod-

---

7. United contends that it would be necessary to install additional credit card readers on the curb, instead of using existing machines. If true, the expense of installing the readers would affect prices *and* customers would be required to carry a credit card, implicating both mechanisms for preemption.

8. Congress' main goal in passing the ADA was to stimulate an efficient market for air transportation by reducing regulation. *See Morales,* 504 U.S. at 378, 112 S.Ct. 2031.

ucts out of the hands of children. The Supreme Court held that those regulations ran afoul of the preemption provision in the Carriers Act, which was modeled after, and materially indistinguishable from, the ADA's preemption clause. In pertinent part, the Court stated, "Despite the importance of the public health objective, we cannot agree with Maine that the federal law creates an exception on that basis, exempting state laws that it would otherwise pre-empt. The Act says nothing about a public health exception." *Rowe*, 128 S.Ct. at 996–97. In other words, *Rowe* stands for the proposition that courts should not imply broad exceptions to the preemption provision for areas of traditional state concern.

To be sure, the majority of employment law claims, such as those for discrimination or whistleblowers, will not be preempted because they will not have a significant effect on either prices or services. *See, e.g., Gary*, 397 F.3d at 190 (state law whistleblower claim); *Air Transport Ass'n of America*, 266 F.3d at 1072 (city ordinance regarding discrimination in assignment of employee benefits); *Wellons v. Northwest Airlines, Inc.*, 165 F.3d 493, 495 (6th Cir. 1999) (state law claim based on racial discrimination); *Parise v. Delta Airlines, Inc.*, 141 F.3d 1463, 1466 (11th Cir.1998) (state anti-age discrimination law). Nevertheless, state employment claims *may* be preempted if they meet the traditional tests articulated in *Morales* and *Flores–Galarza*, as I conclude the claims do here.

## V. CONCLUSION

For the foregoing reasons, I find that Plaintiffs' claims are preempted. Therefore, Defendant's Motions to Reconsider (**document # 44**) and Dismiss (**document # 12**) are **GRANTED.** Plaintiffs' Motion to Certify the Class (**document # 9**) is **MOOT.**

**SO ORDERED.**